

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTORIA DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 06 C 5793 |
| ) | |
| AVERITT EXPRESS, INC., a corporation, and ) | Suzanne B. Conlon, Judge |
| DAVID F. STREET, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Victoria Davis sued Averitt Express, Inc. and David F. Street in the Circuit Court of Cook County, Illinois for damages resulting from an automobile accident in Hammond, Indiana. Averitt Express removed the action to this court. Davis moves to remand, and defendants move to transfer venue to the Northern District of Indiana, Hammond Division. For the reasons set forth below, the motions are denied.

### BACKGROUND

The following facts are drawn from the complaint and the parties' pleadings. On January 25, 2005, a vehicle owned by Averitt Express and operated by Street struck the rear of Davis' vehicle. Notice of Removal, Ex. A (Compl.) at ¶¶ 1, 5. The accident occurred on Interstate 80 in Hammond, Indiana. *Id.* at ¶ 1. Davis sustained severe and permanent injuries. *Id.* at ¶ 6. She continues to suffer mental and physical pain and anguish. *Id.* Davis claims defendants' negligence caused the accident. *Id.* at ¶¶ 3-6. She demands over $50,000.00 in damages. *Id.* at ¶ 7. To date, Davis has incurred medical bills totaling $83,715.15 and lost wages of $115,276.00. Pl. Resp. Ex. 2 (Pl. Rule 26(a) Disclosure) at 7. Davis resides in Chicago. *Id.* Ex. 2 at 1. Street is a citizen of Tennessee.

Notice of Removal at ¶ 7. Averitt Express is incorporated and has its principal place of business in Tennessee. *Id.* at ¶ 8.

On September 11, 2006, Davis filed a complaint in the Circuit Court of Cook County, Illinois. Notice of Removal at ¶ 1, Ex. A. Averitt Express was served with summons and complaint on September 26, 2006, and filed a notice of removal on October 24, 2006. *Id.* at ¶ 4. A summons was issued to Street on September 11, 2006, and returned unserved on October 25, 2006 with the notation "unable to locate." Pl. Mot. to Remand at ¶ 4. Street's attorney accepted service on his behalf on November 8, 2006. *Id.* at ¶ 5.

## DISCUSSION

### I. Davis' Motion to Remand

Davis seeks to remand the case to state court on the grounds that Street failed to properly join Averitt Express' notice of removal. Averitt Express filed a timely notice of removal on October 24, 2006. A defendant may remove a civil action from state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441. Federal district courts have original jurisdiction over actions between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A defendant seeking removal must file a notice stating the grounds for removal within thirty days of receiving the complaint. 28 U.S.C. § 1446(a)-(b).

Averitt Express' notice of removal states that the court has original jurisdiction over the action because Davis' medical bills exceed $75,000 and the parties are citizens of different states,[1]

---

[1] Averitt Express alleged that Davis is a citizen of Indiana. Notice of Removal at 6. Davis' Rule 26(a) disclosure indicates she resides in Chicago. Pl. Rule 26(a) Disclosure at 1. Davis' apparent Illinois citizenship does not defeat diversity.

2

Notice of Removal at ¶¶ 3, 5-8. Davis does not challenge the court's jurisdiction. She argues that all defendants are required to consent to removal, and Street did not do so.

### A. The Motion Is Untimely

A motion to remand on the basis of a defect in removal (other than lack of subject matter jurisdiction) must be made within thirty days after the notice of removal is filed. 28 U.S.C. § 1447(c). The thirty day limit prevents "shuttling of cases between state and federal court" and "extended litigation that does no more than determine where litigation shall proceed." *In re Cont'l Cas. Co.*, 29 F.3d 292, 295 (7th Cir. 1994). Davis filed her motion to remand on December 11, 2006, forty-eight days after the notice of removal was filed. Her motion is based on a purported defect in procedure, namely that Street did not consent to removal. She does not argue the court lacks subject matter jurisdiction. Davis' motion is untimely. Objections to defects in removal procedure are waived unless made within the statutory time limit. *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003) (defendants' failure to consent to removal could have justified remand, but because plaintiffs failed to object within thirty days the case remained in federal court).

Davis contends that her motion is timely under § 1447(c). She argues that § 1446(b) requires Street to file written consent to removal within thirty days after he was served with process on November 8th, and accordingly she waited until that period elapsed to file her motion to remand. Her argument is not supported by the language of the statute. Section 1446(b) does not address motions to remand. 28 U.S.C. § 1446(b). A defendant has thirty days from receipt of the complaint to file a notice of removal. *Id.* Section 1447(c), on the other hand, explicitly provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made *within 30 days after the filing of the notice of removal* under section 1446(a)." 28

3

U.S.C. § 1447(c) (emphasis added). The thirty day period begins upon filing of the removal notice, not upon receipt of the complaint or service of process. Section 1447(c) makes no reference to 1446(b). Davis fails to cite any case supporting her interpretation of section 1447(c), nor does she explain her interpretation in light of § 1447(c)'s unambiguous language. Davis failed to object within the statutory time period, and her motion must be denied. *Roe v. O'Donohue*, 38 F.3d 298, 302 (7th Cir. 1994) (a party who remains silent, intentionally or by forfeiture, accepts the federal forum) (*overruled on other grounds by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)).

### B. Street's Consent to Removal Notice

Even if Davis' motion were timely, it must be denied because Street is not required to consent to removal. Under the "unanimity rule," a petition for removal fails unless all defendants join. *Hanrick v. Hanrick*, 153 U.S. 192, 196 (1894); *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 272 (7th Cir. 1982). A legally defective removal petition subjects the case to remand. *N. Ill. Gas*, 676 F.2d at 273. However, the requirement that all defendants join a removal petition is unnecessary for nominal parties and parties not yet served. *Roe*, 38 F.3d at 301; *see also Torres v. Ortega*, No. 92 C 4504, 1993 WL 62998, *3 (N.D. Ill. March 3, 1993) (Williams, J.) ("[n]amed defendants, not yet served in the state action, need not join the notice of removal" (citing *N. Ill. Gas*, 676 F.2d at 273)). A petition should explain the absence of co-defendants. *N. Ill. Gas*, 676 F.2d at 273 (better practice dictates that a notice explain why a defendant did not join).

It was not necessary for Street to join Averitt Express' removal notice because he had not been served when the notice was filed. *Roe*, 38 F.3d at 301. Arguably, the notice is defective because it does not explain Street's non-joinder. *N. Ill. Gas*, 676 F.2d at 273. Yet, it is not clear that

4

this technical defect justifies remand. *Id.* at 274 n.2 (upholding removal notwithstanding failure to explain the non-joinder of a nominal party and noting that, although removal statutes are strictly construed against removal, courts should not "indulge in formalism or sterile technicality" (citations omitted)).

Davis argues the case must be remanded because Street was required to consent to removal and did not do so. This is incorrect. When Street was served with the complaint on November 8th, the notice had already been filed. Davis fails to acknowledge that it is unnecessary for unserved parties to join a removal petition, even though she cites cases that discuss this exception to the unanimity rule. *See Roe*, 38 F.3d at 301; *see also McKinney v. Bd. of Trs. of Mayland Cmty. Coll.*, 955 F.2d 924, 925-28 (4th Cir. 1992) ("all *served* defendants must join in a petition for removal;" a defendant served after a petition for removal is filed has "the right to move to remand the case back to state court"(emphasis added)).

Davis argues that under § 1446(b), Street had thirty days from the time he was served to join Averitt Express' removal petition. She relies on *McKinney v. Bd. of Trs. of Mayland Cmty. Coll.* for this proposition. *McKinney*, 955 F.2d at 928. *McKinney* does not support her argument. *McKinney* held that individual defendants, served with the complaint before a petition for removal was filed, had thirty days from the time they were served to join the removal petition. *Id.* The court noted that a defendant served with the complaint after the removal petition was filed retained her right to move for remand under 28 U.S.C. § 1448. *Id.* at 927. Implicit in this observation is the understanding that a defendant served after a removal petition has been filed need not consent to removal because the case is already in federal court.

To argue otherwise creates a conflict with 28 U.S.C. § 1448. In cases removed from state court to federal district court where one or more defendants have not yet been served, service may be completed "in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448 ("[t]his section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case"). It would be meaningless to provide that a later served defendant retained the right to remand a case if, as Davis argues, removal is defective unless later served defendants join. Courts are obligated to construe statutory provisions to avoid conflicts. *Precision Indus., Inc. v. Qualitech Steel SBQ, LLC*, 327 F.3d 537, 544 (7th Cir. 2003). Construing one provision to implicitly repeal or override another must be avoided. *Id.* There is no conflict between §§ 1446(b) and 1448. The unambiguous language of the provisions indicates that a defendant served prior to the filing of a petition for removal is required to join the petition within thirty days, but a defendant not yet served should be served as if the case was originally filed in federal district court, and retains his right to remand the case to state court.

## II. Defendants' Motion to Transfer Venue

A court may transfer venue to any district or division where the action might have been brought for the convenience of the parties and witnesses, and in the interest of justice. 28 U.S.C. § 1404(a). In deciding a motion to transfer venue, the court must "consider the statutory factors in light of all the circumstances in the case." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). Weighing the factors "necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Id.* (citations omitted). Defendants bear the burden of establishing that the transferee forum is "clearly more convenient." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989). Transfer is

6

appropriate if "(1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice." *Pasulka v. Sykes*, 131 F. Supp. 2d 988, 994 (N.D. Ill. 2001) (quoting *TruServ Corp. v. Neff*, 6 F. Supp. 2d 790, 793 (N.D. Ill. 1998)). Davis does not argue that venue is improper in the Northern District of Indiana. Therefore, the court considers only the convenience of the parties and witnesses, as well as the interests of justice.

### A. Convenience of the Parties and Witnesses

In evaluating the convenience of the parties and witnesses, the court must consider (1) Davis' choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof in each forum; and (4) convenience to the parties, including the location of their respective residences. *Medi USA v. Jobst Inst., Inc.*, 791 F. Supp. 208, 210 (N.D. Ill. 1992).

Although Davis did not choose federal court, she chose to litigate her claim in Illinois. Deference is owed to her forum choice. *Chicago, Rock Island and Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955). However, this factor has minimal value when, as in this case, the conduct she complains of occurred outside the forum. *Id.* A majority of the material events occurred in Indiana. The accident occurred on Interstate 80 in Hammond, Indiana. It was investigated by the Indiana State Police. The Hammond Indiana Fire Department transported Davis to a hospital in Hammond. She underwent surgery in Lake County, Indiana. The only significant events occurring in Illinois are Davis' ongoing medical treatments. The fact that Hammond, Indiana was the site of the accident weighs in favor of transferring venue to Indiana.

The relative ease of access to sources of proof is not determinative. Many witnesses, including those who investigated the accident and treated Davis, are located in Indiana. However,

a number of witnesses are located in Illinois. Joseph Evans, a driver involved in the accident, lives in Illinois, and the doctors who provide Davis' continuing medical treatment are located in Illinois. Dr. Mark Chang, Davis' surgeon, has offices in Illinois and Indiana. Access to proof and witnesses is not clearly more convenient in Indiana.

Nor is venue in Indiana clearly more convenient to the parties. Davis resides in Chicago. The defendants are located in Tennessee, although according to Davis, Averitt Express has two offices in Illinois and does business within the state. Whether the action proceeds in Illinois or Indiana, defendants must travel to the region to litigate the case. Notably, all parties are represented by Chicago counsel. Defendants fail to explain why Hammond is clearly more convenient to them. There are multiple witnesses in both Illinois and Indiana. The distance between Chicago and Hammond is not so far as to inconvenience either party. *Jurincie v. AG Trucking, Inc.*, No. 05 C 4585, 2005 WL 2663508, *3 (N.D. Ill. Oct. 14, 2005) (Norgle, J.).

### B. Interest of Justice

The court must also consider the interest of justice, which may be determinative even if the convenience of the parties and witnesses suggests a different result. *Coffey*, 796 F.2d at 220. This factor relates to the efficient functioning of the courts. *Id.* at 221. The "interest[s] of justice" include concerns such as "ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Heller Fin.*, 883 F.2d at 1294 (citing *Coffey*, 796 F.2d at 221). Courts also consider the local interest in having controversies decided at home. *Jurincie*, 2005 WL 2663508 at *4.

Defendants argue that transfer serves the interest of justice because Indiana law will likely apply. This argument is not persuasive because both federal district courts are familiar with the

8

applicable law. *Jurincie*, 2005 WL 2663508 at *4 (federal courts are capable of applying the laws of any state). Defendants also argue that Illinois citizens should not be burdened with jury duty for an action based on an occurrence in Indiana. It is true that jury duty should not be imposed on a community which has no relation to the litigation. *Chicago, Rock Island and Pac. R.R. Co.*, 220 F.2d at 304. However, it cannot be said that Illinois has no relation to the litigation. Davis resides in Illinois and was employed by the Illinois Department of Public Health. She receives ongoing treatment for her injuries in the state. A number of witnesses are located in Illinois. There is local interest in a case adjudicating issues of liability and damages arising from a nearby accident involving a resident. The interests of justice do not dictate transfer.

At best, defendants have shown that a federal district court in Hammond might be as convenient as federal district court in Chicago. This showing is insufficient to meet defendants' burden under § 1404(a). *Coffey*, 796 F.2d at 220.

## CONCLUSION

For the reasons stated above, Davis' motion to remand and defendants' motion to transfer venue are denied.

ENTER:

Suzanne B. Conlon
United States District Judge

December 28, 2006